MEMORANDUM ***
Plaintiffs Lynne and Jenifer Meredith appeal the district court’s dismissal under Federal Rule of Civil Procedure 12(b)(6) and entry of summary judgment in favor of Defendant IRS agents as to their Bivens and state law claims arising out of the agents’ execution of a search warrant at Lynne Meredith’s place of business and Jenifer Meredith’s residence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm for the following reasons.
The Tenth Amendment does not prevent federal authorities from executing search warrants on non-federal property. The Sixteenth Amendment grants Congress the power to lay and collect taxes on incomes, and this power includes the authority to enact criminal sanctions for violations of the tax code and investigate potential violations. See In re Grand Jury Proceedings, 801 F.2d 1164, 1170 (9th Cir. 1986). Federal courts have jurisdiction over federal crimes committed anywhere in the United States. See United States v. McCalla, 545 F.3d 750, 756 (9th Cir.2008).
The warrant was not invalid even though the supporting affidavit incorrectly identified Linda St. John as an alias of Lynne Meredith. The record strongly supports a finding that this error was accidental and at most negligent. But even if the inclusion of the false information is assumed to have been intentional or reckless, purging all St. John-related facts from the affidavit leaves more than enough evidence to support probable cause. See Franks v. Delaware, 438 U.S. 154, 171-72, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978).
The warrant was not overbroad. The warrant identifies specific categories of documents for seizure that are directly related to the crimes Lynne Meredith was suspected of committing. See United States v. Shi, 525 F.3d 709, 731 (9th Cir. 2008). Further, the warrant permissibly authorized the temporary seizure of entire computers for further searching if necessary for technical reasons. See United States v. Hill, 459 F.3d 966, 973 (9th Cir. 2006).
The agents did not violate Lynne Meredith’s constitutional rights by seizing her personal records. The seizure of personal records pursuant to a search warrant does not implicate the Fifth Amendment’s *582 self-incrimination clause. See Andresen v. Maryland, 427 U.S. 468, 477, 96 S.Ct. 2737, 49 L.Ed.2d 627 (1976).
The agents did not violate the knock and announce rule when entering the buildings to be searched. The agents entered the second-floor business through an unlocked door during business hours. United States v. Little, 753 F.2d 1420, 1435-36 (9th Cir.1984). The agents entered the third-floor residence through an open door. United States v. Valenzuela, 596 F.2d 1361, 1365 n. 3 (9th Cir.1979). Jenifer Meredith fails to controvert the agents’ evidence that they entered the other residence only after knocking and announcing several times.
The agents are entitled to qualified immunity for their failure to present Lynne and Jenifer Meredith with a copy of the warrant at the outset of the search in July of 1998. The right the agents violated in this respect was not clearly established until this court’s 1999 decision in United States v. Gantt, 194 F.3d 987 (9th Cir.1999) overruled on other grounds by United States v. Grace, 526 F.3d 499 (9th Cir.2008) (en banc). See Burrell v. McIlroy, 464 F.3d 853 (9th Cir.2006).
Even if the Merediths were able to prove that in July of 1998 the agents used excessive force by pointing guns at them with no reasonable indication of danger, the agents are entitled to qualified immunity because this constitutional violation was not clearly established until our 2002 decision in Robinson v. Solano County, 278 F.3d 1007 (9th Cir.2002).
The agents did not violate the Merediths’ constitutional rights by detaining and questioning them while the search was occurring because the questioning did not prolong the detention. See Muehler v. Mena, 544 U.S. 93, 98-99, 125 S.Ct. 1465, 161 L.Ed.2d 299 (2005); Dawson v. City of Seattle, 435 F.3d 1054, 1066 (9th Cir.2006).
The agents are entitled to qualified immunity for denying the Merediths’ request to use the telephone during their detentions. The Merediths cite Ganwich v. Knapp, 319 F.3d 1115 (9th Cir.2003), for the proposition that their “incommunicado” detention during the search violated their Fourth Amendment rights. However, the Merediths fail to allege, much less show, that they were held incommunicado for the purpose of coercing them into submitting to interrogation, as was the case in Ganwich. And, as in the case of the agents’ failure to present a copy of the warrant to appellant at the beginning of the search, the right not to be held incommunicado by deprivation of telephone use was not clearly established until 2003 in Ganwich.
The Federal Tort Claims Act bars the Merediths’ state law tort claims because they failed to exhaust their federal administrative remedies and are suing over actions taken by the agents in the scope of their employment. See 28 U.S.C. §§ 2401 (“A tort claim against the United States shall be forever barred unless it.is presented in writing to the appropriate Federal agency....”), 2680(h) (covering state law torts such as assault, battery, and false arrest when the tort is committed by a federal law enforcement officer).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.